**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**KWAME MCCAULEY,**

        **Movant,**

    **v.**

**UNITED STATES OF AMERICA,**

        **Respondent.**

**Civil No: 2:20-CV-514
Crim No: 2:17-CR-90
Judge Michael H. Watson
Chief Magistrate Judge Elizabeth P. Deavers**

## ORDER and REPORT AND RECOMMENDATION

Movant, a federal prisoner, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (ECF No. 212.) This case has been referred to the Magistrate Judge pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14–1 regarding assignments and references to United States Magistrate Judges.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Court ("Rule 4(b)"), this Court must conduct a preliminary review and determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the petitioner is not entitled to relief." If it does so appear, the motion must be dismissed. *Id*. The Court is authorized to dismiss a motion that appears legally insufficient on its face, *see McFarland v. Scott*, 512 U.S. 849, 856 (1994), or one that states "only bald legal conclusions with no supporting factual allegations," *Pettigrew v. United States*, 480 F.2d 681, 684 (6th Cir. 1973) (quoting *Sanders v. United States*, 373 U.S. 1, 19 (1963)). For the following reasons, it is plain that Movant is not entitled to relief for his ineffective assistance of counsel

claim. Accordingly, the Magistrate Judge **RECOMMENDS** that the motion to vacate be **DENIED** and that this action be **DISMISSED**. (ECF No. 212.)

Movant has also filed a document seeking to waive his attorney-client privilege. (ECF No. 213.) To the extent that filing constitutes a motion, it is **DENIED AS MOOT**.

## Relevant Facts and Procedure

At an August 23, 2018, hearing, Movant entered a plea of guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count One); one count of wire fraud in violation of 18 U.S.C. § 1343 (Count Two); and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A (Count 22). (ECF Nos. 168, 169, 170, 175.) Movant faced maximum statutory terms of imprisonment of 20 years for both the conspiracy and wire fraud offenses and a statutorily mandated term of 2 years imprisonment for the aggravated identity fraud offense to be served consecutively. United States Probation prepared a Presentence Investigation Report ("PSIR") indicating that Movant had a total offense level of 24 and a criminal history category of IV, which corresponded to an imprisonment range of 77 months to 96 months under the 2018 United States Sentencing Guideline ("U.S.S.G.") That guideline imprisonment range fell within Zone D of the 2018 Sentencing Table. At a June 4, 2019, sentencing hearing, the Court imposed a sentence of 36 months of imprisonment for both the conspiracy and wire fraud offenses, to be served concurrently, and a consecutive 24-month term of imprisonment for the aggravated identity theft. (ECF No. 202.) Movant did not file a direct appeal.[1]

---

[1] Claims other than those of ineffective assistance of counsel are procedurally defaulted if not raised on direct appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). Because Movant alleges only ineffective assistance, his claim is not procedurally defaulted.

On January 29, 2020, the Court received Movant's motion to vacate under § 2255. (ECF No. 212.) Construing the motion liberally, it appears that Movant asserts that he was denied the effective assistance of counsel at sentencing because counsel failed to ensure that he was sentenced for aggravated identity theft in accordance with the First Step Act of 2018 ("FSA"), Pub. L. No. 115–391, 132 Stat. 5194. Movant acknowledges that the Court sentenced him to the statutorily mandated term of imprisonment for aggravated identity theft— i.e., 2 years (or 24 months) to be served consecutive to any other term of imprisonment. (*Id*., at PAGE ID # 600.) Movant notes, however, that the Court imposed that sentence after the FSA's effective date. He asserts that given the "publicity surrounding the [FSA] and its announcement of alternative forms of sentencing, which were available at [Movant's] time of sentencing on June 4, 2019, professional norms in the legal community would have deemed it appropriate to argue and preserve any possible way the Court could apply the alternative sentencing schemes to the case at bar." (ECF No. 212, at PAGE ID # 603.) Movant requests "that the Court consider changing the 24 month [*sic*] term for a violation of identity theft to run concurrently." (*Id*., at PAGE ID # 594.)

## Discussion

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The two-prong test announced in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), governs claims of ineffective assistance of counsel raised under § 2255. *Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). Pursuant to that test, in order to prevail on a claim of ineffective assistance of counsel, a movant must demonstrate both that: 1) counsel's performance was

3

deficient; and, 2) that the deficient performance prejudiced the movant. *Id.* (citing *Strickland*, 466 U.S. at 687.)

Movant cannot establish either *Strickland* prong. First, Movant cannot establish that counsel performed deficiently by failing to raise the FSA at sentencing. Even if Movant was sentenced after the FSA went into effect, that law had no impact on his sentence. Movant was sentenced to the statutorily mandated penalty for aggravated identity theft— a 2-year term of imprisonment to be served consecutively. 18 U.S.C. § 1028A(a)(1) and (b)(2). Nothing in the FSA changed that statutory-minimum sentence. *See Martinez-Garces v. United States*, No. 3:19–cv–421–J–39PDB, 2020 WL 802992, at *5 (M.D. Fla. Feb. 2, 2020) (denying § 2255 motion alleging that counsel was ineffective for failing to assert applicability of FSA at sentencing; FSA did not change the statutorily mandated 2-year term of imprisonment for aggravated identity theft). Failing to raise the FSA at sentencing thus did not constitute ineffective performance under *Strickland*. *See Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("Counsel was not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel"); *United States v. Johnson*, 9 Fed. App'x. 373, 374 (6th Cir. 2001) (citing *United States v. Fry*, 831 F.2d 664, 669 (6th Cir. 1987) (counsel's failure to raise a meritless claim at sentencing did not constitute ineffective assistance)).

Nor can Movant establish prejudice under *Strickland* for counsel's failure to raise the FSA during sentencing. Because the FSA is inapplicable, the Court would have overruled any FSA-related objections or issues raised by counsel. Movant, therefore, cannot show that the outcome of the proceedings would have been different if counsel had invoked the FSA. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial.")

Movant's reliance on the rule of lenity is misplaced. Contrary to Movant's claims, the FSA is not ambiguous about aggravated identity theft. Rather, the FSA is silent about that offense. There is simply no basis to apply the rule of lenity in this case. *See Burgess v. United States*, 553 U.S. 124, 135 (2008) ("The touchstone of the rule of lenity is statutory ambiguity.").

Movant also asserts that his attorney performed deficiently by failing "to argue that the [FSA] was available as to this Court's discretion for alternative forms of sentencing because [Movant's] convictions were nonviolent in nature." (ECF No. 212, at PAGE ID # 603.) Although unclear, Movant perhaps asserts that counsel was also ineffective for failing to ask the Court to consider reducing his sentence pursuant to the Amendment for Alternatives to Incarceration for Nonviolent First Offenders ("Amendment"), which inserted a paragraph into the commentary to § 5C1.1 of the U.S.S.G. *See* U.S.S.G. § 5C1.1 at n. 4 ("If the defendant is a nonviolent first offender and the applicable guideline range is in Zone A or B of the Sentencing Table, the court should consider imposing a sentence other than a sentence of imprisonment, in accordance with subsection (b) or (c)(3).") The Amendment was not part of the FSA. In any event, Movant cannot demonstrate that counsel's failure to draw the Court's attention to the Amendment was deficient or prejudicial. As previously noted, based on his offense level and criminal history category, Movant's imprisonment range fell within Zone D of the Sentencing Table. The Amendment pertains, however, to imprisonment ranges that fall within Zones A or B. *See United States v. Lopez*, No. 16–cr–60107-BLOOM, 2019 WL 2524389, at *1–2 (S.D. Fla. June 19, 2019) (denying motion to reduce sentence because Amendment only urges courts to consider alternatives to imprisonment, and in any event, did not apply to an offender whose imprisonment range fell within Zone D of the Sentencing Table.) Accordingly, counsel's failure to raise this meritless argument was neither deficient nor prejudicial. *See Coley*, 706 F.3d at 752.

5

## Disposition

Therefore, it is **RECOMMENDED** that the Motion to Vacate, (ECF No. 212), be **DENIED** and that this action be **DISMISSED**. The motion to waive attorney-client privilege, (ECF No. 213), is **DENIED AS MOOT**.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the District Judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

Date: February 20, 2020                     /s/*Elisabeth A. Preston Deavers*
                                                          ELIZABETH A. PRESTON DEAVERS
                                                          CHIEF UNITED STATES MAGISTRATE JUDGE